UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FREDERICK WHATELEY,

    Plaintiff,

v.

BRIAN HUMPHREY and JOSEPH BOBBY,

    Defendants.
_____/

Case No. 2:20-10209

Paul D. Borman
United States District Judge

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT (ECF NO. 1), DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff William Frederick Whateley's *pro se* civil rights complaint under 42 U.S.C. § 1983 is before the Court for initial screening following a grant of *in forma pauperis* status. (ECF No. 4.) Under 28 U.S.C. §§ 1915A and 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court must dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having made such a finding, the Court dismisses the complaint.

### I. BACKGROUND

Plaintiff names as defendants Brian Humphrey and Joseph Bobby, officers in the Westland Police Department. (ECF No. 1.) He alleges Defendants violated his

Fourth Amendment rights by "seizi[ng] Plaintiff's vehicle and its contents without prior judicial authorization." (*Id*. at PgID 2.)

Plaintiff was convicted of second-degree arson in June 2017. (*Id*. at PgID 3.) According to Plaintiff, Defendant Bobby testified at trial that both defendants "proceeded together to the place where Plaintiff's vehicle was situated and seized the vehicle and its contents, which included a plastic gasoline container and a Bic lighter[.]" (*Id.*) In February 2017, around the time of "complaint and warrant proceedings," one (unnamed) defendant "represented to the magistrate" that the fire in question was arson, gasoline was used as an accelerant, and that he had impounded Plaintiff's vehicle. (*Id.*)

Plaintiff states Officer Bobby testified at trial that the seizure of the vehicle and contents "was pursuant to a judicially-authorized search warrant." (*Id.*) Plaintiff also alleges that the December 2019 response to a Freedom of Information Act request for warrants in Plaintiff's criminal case indicated that "no warrants had been issued in the matter for any purpose." (*Id.*)

Plaintiff asserts that he has been "permanently deprived of his effects," because the Westland Police Department auctioned them off after seizure. (*Id.* at PgID 4.) His claims are based in the Fourth Amendment's[1] warrant requirement and

---

[1] The section headers for Plaintiff's Counts I and II refer to "Violation[s] of the First Amendment." (ECF No. 1, Complaint, PgID 4.) As the complaint makes clear, the Fourth Amendment is the sole basis for Plaintiff's alleged deprivation of rights.

2

his statement that "[a] warrantless search is per se unreasonable for purposes of the Fourth Amendment." (*Id.*) Plaintiff's requested relief is for both compensatory and punitive damages and legal fees for the cost of litigation. (*Id.* at PgID 5.)

## II. SCREENING PROCEDURE AND PLEADING STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When evaluating a complaint under PLRA standards, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence," *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted), and must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676.

### III. DISCUSSION

Plaintiff reasons that because Defendants did not have a "judicially-authorized warrant" to seize his vehicle, the seizure was "per se unreasonable" and therefore violated the Fourth Amendment. Construing Plaintiff's allegations liberally and

4

accepting his factual allegations as true, his claims fail because they lack an arguable basis in law or fact.

Plaintiff's perception of Fourth Amendment law, that warrantless seizures are "per se unreasonable," is incorrect. The automobile exception to a warrant requirement has long been recognized. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (citing *Carroll v. United States*, 267 U.S. 132, 153 (1925)). "[W]here there [is] probable cause to search a vehicle 'a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained.*'" *Id.* at 467 (quoting *United States v. Ross*, 456 U.S. 798, 809 (1982)) (emphasis in original). "[T]he automobile exception does not have a separate exigency requirement: 'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.'" *Id.* (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).

The automobile exception supports warrantless seizures as well as searches. "[A] warrantless seizure is appropriate where there is probable cause to associate an automobile with criminal activity." *Figetakis v. City of Cuyahoga Falls*, 112 F. App'x 393, 394 (6th Cir. 2004) (citing *Autoworld Specialty Cars, Inc. v. United States*, 815 F.2d 385, 389 (6th Cir. 1987)); *see also Robinson v. Cook*, 706 F.3d 25,

5

31 n. 4 (1st Cir. 2013); *United States v. Brookins*, 345 F.3d 231, 235 (4th Cir. 2003) (citations omitted).

Further, Plaintiff's factual allegations are insufficient to establish that in the absence of a warrant, Defendants' seizure of the vehicle violated the Fourth Amendment. The complaint does not explain when or where the vehicle was seized or any other circumstances of that seizure. Plaintiff states only that Defendants seized the vehicle in "the place where Plaintiff's vehicle was situated," and the seizure appears to have occurred before the criminal complaint was issued. (ECF No. 1, Complaint, PgID 3.) That description does not provide a basis to find a warrantless seizure that violated Plaintiff's Fourth Amendment rights.

The complaint does note that Defendants alleged to the magistrate that the fire at issue was arson involving the use of gasoline and that a gasoline container was found in Plaintiff's vehicle. (*Id.*) These facts might support probable cause for Plaintiff's use of the vehicle in criminal activity, which would justify a warrantless seizure. *See Dyson*, 527 U.S. at 466; *Autoworld Specialty Cars, Inc.*, 815 F.2d at 389.

### IV. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

It is further ORDERED that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, a Certificate of Appealability and leave to appeal *in forma pauperis* are DENIED.

IT IS SO ORDERED.

                                                                                       s/Paul D. Borman
                                                                                       Paul D. Borman
                                                                                       United States District Judge

Dated: July 6, 2020