**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM FREDERICK WHATELEY,

    Plaintiff,

v.

BRIAN HUMPHREY and
JOSEPH BOBBY,

    Defendants.

_____/

Case No. 2:20-10209

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 8)

Plaintiff William Frederick Whateley brought a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure by seizing his vehicle without a warrant. The Court dismissed his complaint for failing to state a claim upon which relief could be granted. (ECF No. 6.) Now before the Court is Plaintiff's motion for reconsideration. (ECF No. 8.) Because Plaintiff identifies no palpable defect by which the Court was misled, the motion will be denied.

### I. BACKGROUND

In his Complaint, Plaintiff alleged that Defendants lacked a warrant to seize his vehicle and that his Fourth Amendment rights were violated because "[a]

warrantless search is per se unreasonable for purposes of the Fourth Amendment[.]" (ECF No. 1, Compl., PgID 4.) In its dismissal order, the Court recognized the automobile exception to the bar on warrantless searches, *Maryland v. Dyson*, 527 U.S. 465, 466 (1999); and that the exception expressly encompasses seizures. *Figetakis v. City of Cuyahoga Falls*, 112 F. App'x 393, 394 (6th Cir. 2004) (citation omitted).

Plaintiff's assertion of error, pursuant to Local Rule 7.1(h), is that the Court's determination that his allegations were insufficient to establish a Fourth Amendment violation "is simply not true." (ECF No. 8, Mot., PgID 35.) Plaintiff also quotes a newly obtained law enforcement report that indicates the canine team that searched the site of the fire found no ignitable liquids, proving, he asserts, that the fire underlying his arson conviction was in fact not arson. (*Id.* at PgID 37–38.) Plaintiff also argues that the canine team report was known to Defendants, and therefore, they knew they did not have probable cause to search Plaintiff's vehicle. (*Id.* at PgID 38.)

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*,

340 F. Supp. 2d 773, 775 (E.D. Mich. 2004); *Hence*, 49 F. Supp. 2d at 550–51 (citing E.D. Mich. LR 7.1(g)(3) (now E.D. Mich. LR 7.1(h)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 775.

### III. DISCUSSION

First, Plaintiff's reiteration of the allegations in his complaint and his disagreement with the Court's analysis do not support relief pursuant to LR 7.1(h). Such argument is clearly a presentation of the "same issues ruled upon by the Court." *Ward*, 340 F. Supp. 2d at 774.

Next, Plaintiff, for the first time in his motion for reconsideration, asserts that Defendants lacked probable cause for the seizure of his vehicle. (ECF No. 8, Mot., PgID 38.) In his complaint, Plaintiff only asserts that the seizure violated the Fourth Amendment because of the lack of a "judicially-authorized warrant." (ECF No. 1, Compl., PgID 4, 5.) This is insufficient.

In *Graves v. Mahoning Cty.*, 821 F.3d 772 (6th Cir. 2016), the Sixth Circuit held that "[t]he Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." *Id.* at 775 (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 440–42 (7th Cir. 1986)). It continued: "What is 'unreasonable' varies from case to case, from type of seizure to type of seizure." *Id.* "[A]rrests are 'reasonable' when the officer had 'probable cause

to believe that a criminal offense has been or is being committed.'" *Id.* at 776 (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)) (other citation omitted). The plaintiffs in *Graves* could not establish a Fourth Amendment section 1983 claim because they failed to allege their arrests were without probable cause. *Id.*

The automobile exception to the bar on warrantless searches and seizures is similarly based on probable cause. *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (citations omitted) (Under the exception, "police officers may conduct a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'"). And Plaintiff made the same error as the plaintiffs in *Graves*: he repeatedly asserted the lack of a warrant but did not allege that the seizure of his vehicle was without probable cause. 821 F.3d at 776.

Plaintiff's belated allegation of the lack of probable cause in his motion for reconsideration does not correct the omission. His assertion of the absence of probable cause in his motion is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [W]hen a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Jacob v. Twp. of W. Bloomfield*, 192 F. App'x 330, 334 (6th Cir. 2006) (quoting *Heck*, 512 U.S. at 487).

Plaintiff's first probable cause allegation is tied to the canine team's report. (ECF No. 8, Mot., PgID 38.) Plaintiff argues the report "proves that the source of the fire was not an arson." (*Id.* at PgID 37.) If the fire was not an arson, Plaintiff's conviction for that offense is invalid. *Heck* requires dismissal of the complaint.

The Court finds no palpable error the correction of which would result in a different outcome.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 8) is DENIED.


IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: August 26, 2020